THOMAS, Justice
(dissenting).
The claimant, petitioner now, filed with the Florida Industrial Commission a claim for medical treatment for the “balance of his life.” It was stipulated by the parties that the employer or carrier had furnished the claimant all necessary medical treatment and had paid all compensation for temporary total disability to which he was entitled, and further that no medical treatment had ever been refused.
The rift which resulted in this review seems to have arisen from the refusal of employer and carrier to agree that the statute of limitations be waived although counsel for them stated before the deputy commissioner that his clients “were happy to agree that the Claimant be provided with medical for the rest of his life or as long as he needs it, because that is what the law is, and we have never refused or planned to refuse that * *
There is no question about the seriousness of claimant’s injury or its origin in the employment, and it does not, therefore, seem important to go into the nature of his hurt, so I go direct to a consideration of the position of the parties reflected by the anxiety of the claimant about requiring medical treatment so far in the future that the statute of limitations will, or may, have run, and the insistence of counsel for employer and carrier that although they acknowledge the obligation to furnish treatment for the rest of claimant’s life if need be, since the law requires it, nevertheless they do not agree that the statute be waived. It is most difficult to distill from these two attitudes a clear-cut issue of law.
After considerable colloquy among attorneys and deputy commissioner, the latter entered his order reciting that the claimant represented he was not at the time pursuing a claim for permanent partial disability but one for medical treatment as long as he lived, for a complete examination by a named physician for the purpose of evaluating permanent partial disability and for fees, costs and expenses. He commented that the incidental items as well as the physical examination had been resolved by stipulation.
Then came the statement of the deputy commissioner relative to the contentions of the parties which I analyze although it is much in repetition of what has already been written. The claimant was seeking an order for medical treatment as long as he lived, “or as long as qualified doctors continue to indicate that he needs it,” while the employer and carrier were insisting that such an order would only amount to requiring them to comply with mandatory provisions of the law and would in effect suspend the statute of limitations despite the provisions of the act fastening limitation of actions to the date of last payment *510 for compensation or remedial treatment. Furthermore, the employer and carrier did not welcome any order at all inasmuch as all payments for medical treatment had been voluntarily made and no suggestion had been offered that the employer and carrier would not continue to furnish claimant medical care for the remainder of his life.
The deputy sided with the employer and •carrier because he thought that an order requiring them to do what they were doing and to do in the future what the law required of them would be but a gesture. In sum, he felt there was no real controversy for decision by him. He thought also that •adjudication, at that time, of the need for medical treatment in the future, as the doctors might indicate, would be the equivalent •of suspending the statute of limitations and this, he opined, he had not the power to accomplish. Fie, consequently, declined to anticipate claimant’s medical needs, or to adjudicate them beforehand. The employer and carrier having consented to the examination by the specified physician to rate •claimant’s injury, the deputy declined to ■coerce them to do so.
When the cause got to the Full Commission that body simply affirmed the deputy’s refusal to find as a matter of fact that the •claimant was entitled to medical care for the rest of his life:
As has been seen from the positions of the litigating parties as shown in the record and reflected in the deputy’s order, an impasse threatens because of the provisions of Sec. 440.13(1) mandating the employer to provide remedial treatment “so long as the nature of the injury or the process of recovery may require,” which prompted counsel for employer and carrier to say that they “were happy to agree that Claimant be provided with medical aid for the rest of his life or as long as he needs it” and the provisions of paragraph (3) (b) of the section that rights for remedial attention “shall be barred unless a claim therefor is filed or the commission acts on its own initiative within two years after the date of the last remedial treatment furnished by the employer, or after the date of the last payment of compensation.”
In my view, however, it is the responsibility of this court to construe these provisions so that all may be preserved and I think this may be done without abandoning logic or distorting the true meaning of the language used. Furthermore, I believe that the result of the effort should not unduly disturb the claimant. Chiapetta v. Jordan, 153 Fla. 788, 16 So.2d 641.
He is entitled to such treatment as he actually needs for as long as he needs it. But that does not mean to me that the deputy should decide now that the termination of the treatment would coincide with the end of claimant’s life. The deputy has apparently taken care of present requirements and I am convinced he was quite right when he decided not to project them by order to the end of claimant’s life not having the prescience to determine that the need would last until death. And I am of the opinion that the deputy was correct, as an abstract matter, when he declared he had no power to suspend the statute of limitations.
If the claimant receives the care that so far has been given him he, of course, cannot complain. Should it be discontinued, he has but to claim it before the period of two years computed from the last remedial treatment or last payment of compensation expires if indeed the employer and carrier should repudiate the promise made by their attorney in their behalf. In event he is successful, he would then start the running of another two-year period during which the process could be repeated, and successive similar experiences would keep open to him the right to medical care so long as he deserved it. If a period of two years were to pass after a treatment without an application for medical care, the claimant would then lose a strict legal right to it and would be relegated to any promise to furnish such, but it may well be that the legislature intended that in the event a *511 lapse of two years occurred, opportunity to obtain relief should be lost or, to put it another way, the claim should be in repose.
By construing the two paragraphs of the section in this manner, both could be preserved and the anxiety of the claimant would be allayed except for the possibility that he might have a return of good health for two years and then suffer a delayed recurrence of his ailments.
I have found no justification for interference by this court with the order of the Full Commission affirming the one of the deputy commissioner, therefore, I cannot agree with the conclusion reached by a majority of the court.